### GORTON *vs.* GORTON'S EXECUTOR.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT FOR THE
PARISH OF AVOYELLES, THE JUDGE OF THE SEVENTH PRESIDING.

If the clerk's certificate to the foot of the record, states that it contains
" a transcript of all the proceedings had, *and all the evidence adduced* on
the trial, this will be sufficient to sustain the appeal, without a certificate
that the testimony was taken down in writing, at the request of one of
the parties, to serve as a statement of facts, &c.

Where endorsed notes are taken at a probate sale, paraphed *ne varietur*, the
executor may take out an order of seizure and sale, as against the maker
and the property mortgaged, on the production of the *procès verbal* of
sale, without making any proof of the endorsements on the note. The
endorsers in such cases, are only considered in the light of sureties.

The purchaser at a probate sale, cannot retain the amount of *his* notes in
discharge of a legacy from the decedent to his minor children, on the
ground that he is entitled to receive it for them, and has the usufruct
during his marriage with their mother. His debt to the estate is personal,
and his claim to the legacy *in autre droit.*

This case comes up on an injunction obtained by the
plaintiff, to stay an order of seizure and sale, taken out by the
executor of George Gorton, deceased, on certain notes secured
by mortgage. The plaintiff purchased three slaves at the pro-
bate sale of his deceased brother's estate, for the sum of one

thousand nine hundred and fifteen dollars, for which he gave his four several promissory notes for four hundred and seventy-eight dollars and seventy-five cents each, payable to the order of Robert A. Crain, and endorsed in blank by said Crain, and S. E. Cuny, and were paraphed *ne varietur*, and mortgage retained. When they became due and remaining unpaid, the executor obtained from the judge at chambers, an order of seizure and sale, on presenting his petition, with the *procés verbal* of sale, by the judge of probates, and the notes annexed, and was proceeding to sell the property.

The present plaintiff applied for and obtained an injunction to restrain the sale, and to have the order of seizure and sale set aside, on the ground that the testator had made a legacy of one thousand dollars to his minor children, which he had a right to compensate for the sum he was owing the estate of his deceased brother.

He further alleges, that the order of seizure and sale was illegally and irregularly obtained on said notes, and that it is null and should be set aside. He prays for an injunction, and that the order of seizure and sale be set aside, and the demand of his minor children for their legacy allowed, in compensation of the sums he owes the estate.

The defendant in injunction pleaded a general denial, and averred that the legacy of plaintiff's children could not compensate the debt he owed the estate in his own right; that there are other legatees. The property of the estate has been sold on long credits, and the debts are to be first paid, etc.

On these pleadings and issues the cause was tried.

The district judge rendered judgment perpetuating the injunction, and setting aside the order of seizure and sale, without prejudice to the ulterior rights of the defendant, and he appealed.

*Winn*, for the plaintiff.

*Hyams* and *Dunbar, contra.*

WESTERN DIST.
Oct. 1838.

GORTON
*vs.*
GORTON'S EX'R.

*Martin, J.,* delivered the opinion of the court.

The dismissal of the appeal is prayed for, on the ground that there is no statement of facts, etc., the clerk having neglected to certify that the testimony was taken down in writing on the trial, at the request of one of the parties, in order to serve as a statement of facts, as provided by the *Code of Practice, article* 601.

If the clerk's certificate to the foot of the record, states, that it contains "a transcript of all the proceedings had, and all the evidence adduced on the trial," this will be sufficient to sustain the appeal, without a certificate that the testimony was taken down in writing at the request of one of the parties to serve as a statement of facts, &c.

Where endorsed notes are taken at a probate sale, paraphed *ne varietur,* the executor may take out an order of seizure and sale as against the maker, and the property mortgaged, on the production of the *procés verbal* of sale, without making any proof of the endorsements on the note. The endorsers in such cases are only considered in the light of sureties.

It appears to us the appeal ought not to be dismissed, because the clerk has certified that the record contains a transcript of all the proceedings had, and *all the evidence adduced* on the trial. *Code of Practice,* 896.

The defendant having obtained at chambers an order of seizure and sale, on the *procés verbal* of the judge of probates, of the sale of his testator's estate, to which was annexed the note of the plaintiff, with two blank endorsements, paraphed *ne varietur* by the judge, as given for the price of property purchased at said sale, he obtained an injunction to stay the order of seizure and sale, on the ground that the defendant had not proved, by an authentic act, the endorsement of the note ; so that it did not appear that the plaintiff had acquired the right of the person named, as the original payee in the note. The order of seizure and sale was set aside, the injunction made perpetual, and the defendant appealed.

The court, in our opinion, erred. The judge had before him authentic evidence that the plaintiff's note was given to the defendant with two blank endorsements thereon, for the price of property purchased at the probate sale. The defendant therefore, was, in substance, the immediate payee and owner of the note, as the person to whose order it was made payable, was never intended to have (or actually had) the right of receiving its amount. This person and the other endorser intervened, only as *sureties of the maker of the* note.

The defendant might, if he had not seen proper to resort to an order of seizure and sale, have brought a direct action on the note against the maker, stating that he was entitled to receive its amount, not as endorsee but as owner, having

received it from the maker. In such a case as in the present, the verity of the signatures of the persons appearing as endorsers, would be an immaterial circumstance ; for even if they were forgeries, a recovery might be had.

The plaintiff has further urged, that the will of the defendant's testator, contains a legacy in favor of his minor children under the age of puberty, which he is entitled to receive for them, and of which he has the usufruct during his marriage with their mother ; and accordingly, the testator's estate being solvent, he ought to be permitted to retain the amount of the note in discharge of the legacy. It appears to us this cannot be allowed. The plaintiff's debt is a personal one, and his claim to the legacy *in autre droit*, and cognizable only by the Court of Probates. The District Court is without authority to enforce the payment of it. Neither does it clearly appear that the plaintiff could support his pretensions even in the Court of Probates. Every individual, and perhaps every estate, is, *prima facie*, deemed solvent ; yet no executor can, with safety, discharge, at once, a debt of his testator. He must wait until time be given for distant creditors to present their claims, in order that it may be established contradictorily with all who present themselves as creditors, that there is really a sufficiency of assets to pay all the debts. Legatees must wait until then, for they are to be paid only out of what remains after the creditors are all satisfied. An executor can disburse no money of the estate, without an order of the Court of Probates.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed ; and that the injunction be dissolved, and the order of seizure and sale reinstated ; the plaintiff and appellee paying costs in both courts.

*The purchaser at a probate sale cannot retain the amount of his notes in discharge of a legacy from the decedent to his minor children, on the ground, that he is entitled to receive it for them, and has the usufruct during his marriage with their mother. His debt to the estate is personal, and his claim to the legacy in autre droit.*