CATHARINE WIMBISH *v.* ABRAHAM M. GRAY, Administrator of the Succession of Samuel Wimbish, deceased.

The right of a husband on the property of his wife under his administration, is similar to that of the usufructuary; and where the property owned by the wife at the time of the marriage, consisted of cattle, the rules laid down by arts. 586, 587 of the Civil Code, as to the responsibility of the usufractuary, apply to the husband. Thus, where the community is dissolved by the death of the husband, and the cattle brought by the wife into the marriage, are shown to have increased, she will be entitled to claim as her separate property a number equal to that brought by her into the marriage. Nor is it necessary that she should identify any of the cattle as those which belonged to her at the time of the marriage. If the whole herd do not die, the husband is bound to make good the number of the dead out of the new born cattle.

APPEAL from the Court of Probates of West Feliciana, *Weems,* J.
*Ratliff,* for the appellant.
*Paterson,* for the defendant.

MORPHY, J. The petitioner, the widow of the late Samuel Wimbish, opposes the sale of the entire stock of cattle, hogs, horses, &c, advertised to be sold as belonging to the suc-

cession of her husband, and prays for a partition thereof, between her and the succession. She alleges that, at the death of Samuel Wimbish, all the stock found on the premises was erroneously inventoried as belonging to the deceased; that when she married him, she brought into the community, property belonging in common to her and to the children of her marriage with Washington White, her first husband, which property was composed, in part, of 50 head of cattle: among which, were 12 milch cows and calves, 3 yokes of working oxen, 4 working horses, 1 saddle horse, 200 head of hogs, &c. The demand of the petitioner having been rejected, she appealed.

The record shows that the petitioner, then the widow White, intermarried with Samuel Wimbish, in 1827; that he went to reside on the place where she was then living, and resided there with her till his death, in 1843; that, at the time of her marriage with the deceased, the plaintiff had on the place a stock of cattle, left at the death of White, and some which she purchased at the probate sale of the estate of her father. From the testimony, her stock appears to have consisted of 50 head of cattle, a few horses, and 50 head of hogs. The administrator urges in support of the judgment appealed from, that the appellant has not shown that any of the identical cattle, horses, or hogs, belonging to her at the time of her marriage, were included in the inventory of her husband's estate ; that the produce, or increase of the cattle she owned in 1827, were natural fruits, and belonged to the community of goods existing between them, which she has since renounced; and that, therefore, she is entitled to no portion of the same.

The right of the husband on the property of the wife under his administration, assimilates itself very much, we think, to that of the usufructuary. Thus, where there exists a community of gains, the fruits of the paraphernal property are declared to belong to the conjugal partnership. Arts. 2363, 2371. If a usufruct exists only on one head of cattle, and it dies without any neglect on the part of the usufructuary, he is not bound to return another, nor to pay its value. Art. 586. If a whole herd of cattle subject to the usufruct die, owing to some disease, or

accident, without any neglect on the part of the usufructuary, he is bound to return to the owner only the hides of such cattle, or the value of such hides. Art. 587. If the whole herd do not die, the usufructuary is bound to make good the number of the dead out of the new born cattle, so far as they go. *Ib.*

In the present case the evidence does not show that the whole herd of cattle owned by the petitioner, at the time of her marriage, have died. On the contrary, it increased, in consequence of the care taken of it by Samuel Wimbish, who is shown to have been very attentive to his stock. It may be that the plaintiff cannot identify any of the cattle which existed in 1827; but this, we apprehend, is not necessary. She has shown that she owned fifty cattle and fifty hogs; these were mixed with the cattle of Samuel Wimbish; and the whole stock is shown to have considerably increased. If the right of the husband to enjoy the property of the wife is to be governed by the rule laid down for the usufructuary when it consists of a herd of cattle, and, we think, it should be, the plaintiff is entitled to have set apart as her property, a number of cattle or hogs equal to that which existed in 1827, such as have died during the community being replaced out of the new born cattle. Without the protection of such a rule, all the property brought in marriage by the wife might be lost to her, or her heirs. In several parts of this State the property brought by the wife consists mainly, if not wholly, of cattle. After a number of years, the original cattle composing the herd cannot be identified, and sometimes no longer exist, although the stock itself has considerably increased.

It is, therefore, ordered and decreed, that the judgment of the Court of Probates be reversed; and it is further ordered, that there be a partition between the petioner and the estate of her husband, in which fifty head of cattle and fifty hogs shall be set apart as her separate property. The costs to be borne by the estate.