No. 3804.

SUCCESSION OF CELIA WATERER—Opposition of E. K. BRUMFIELD to final account of Administrator. .

Where the transcript is certified to be "a true copy of all the proceedings had and of all the testimony taken on the trial," it is sufficient.

Before the passage of the act of March 18, 1852, by which the community of acquets was extended, in favor of non-resident married persons, to property in this State thereafter acquired, no such community existed. The property acquired after their residence here, alone fell into the partnership.

Where the surviving husband, administrator of his wife's estate, brought with him to this State, as his personal property, more stock of every kind than he had at the decease of his wife:

Held—That, at the dissolution of the community, he has the right to take in kind, if still existing, what he brought in marriage, and from the cattle remaining a number of head. equal to that brought by him in marriage.

APPEAL from the Parish Court, parish of Washington. *Slocum, J.* *T. & J. Ellis*, for administrator and appellee. *John Wadsworth*, for appellants.

Justices concurring: Ludeling, Taliaferro, Howell, Morgan.

TALIAFERRO, J. The appellee moves to dismiss this appeal.

*First*—Because the certificate is defective in not reciting that the transcript contains "all the documents filed in the suit," and that it contains "all the testimony adduced."

*Second*—That the transcript is signed by the deputy clerk.

*Third*—That the record of appeal was not brought up within the proper time after the order for a *certiorari* was issued.

*Fourth*—That appellant is without interest in the suit.

The transcript is certified to be "a true copy of all the proceedings had and of all the testimony taken on the trial," etc. This suffices. 12 La. 476; 9 An. 95. The other grounds are without force. Motion overruled.

## On the Merits.

William Lewis administrator of the succession of his deceased wife having filed an account, it was opposed by Mrs. Brumfield, claiming the succession under an assignment from the heirs of the decedent who died intestate, leaving no heirs in the ascending or descending line. The administrator had placed upon the inventory as community property a tract of land, and claimed a credit of seven hundred dollars, the purchase price of the land, which he alleged he paid out of his separate funds. After the trial had commenced the administrator asked to amend his account, so as to claim the tract of land as his separate property, alleging error of fact in treating it as community property. The amendment was admitted. The opponent denied the payment for the land being made out of the separate funds of the administrator, and alleged that he failed to account for community property of various kinds to the amount of $1995, and prayed that the account be rejected. The judgment of the court *a qua* decreed the tract of land to be the separate property of the administrator, and overruled the opposition, alleging there was community property of the value of $1995 unaccounted for. The opponent appealed. We have to inquire, was the land the separate property of the administrator or community property? Did the community at the time of its dissolution own property to the amount of $1995? Lewis, the administrator, bought the land in question on the twenty-third of September, 1846, being then a citizen of and residing in Mississippi, from whence, late in the fall of that year, he removed to Louisiana. This occurred before the passage of the act of March 18, 1852, by which the community of acquets was extended in favor of non-resident married persons to property in this State thereafter acquired. Prior to that act, no community existed in property acquired here in favor of married persons resident abroad; that acquired after their residence here, alone fell into the partnership. C. C. 2369, 2370; 9 Rob. 438; 5 An. 158; 9 An. 289; 10 An. 440.

The tract of land, therefore, was the separate property of the administrator. It was clearly an error of placing it on the inventory as community property, and he had the right to make the correction. 13 An. 369 and 370.

The property of the community consisted chiefly of stock, such as horses, cattle, sheep, etc. It appears that the administrator brought with him from Mississippi more stock of every kind than he had at the

decease of his wife. At the dissolution of the community he had the right to take in kind, if still existing, what he brought in marriage; and from the cattle remaining a number of head equal to that brought by him in marriage. C. C. 586, 587; 11 An. 278; 10 Rob. 46. After making this adjustment, it would seem that the residue, if any, would be very small.

On the part of the administrator objection was made to two written instruments offered in evidence by the opponent, to show the assignment and transfer to her of the rights of the heirs of Celia Waterer. The objections were overruled and a bill of exceptions reserved. These instruments contain merely the recitals of the persons signing them, that they are the heirs of Mrs. Waterer. They are unsworn statements not making proof of the facts recited; 11 An. 503; 14 An. 15. One of these acts was executed in the State of Mississippi. It contains an acknowledgment of the act before the clerk of the court without the attestation of the presiding judge, and is in that respect inadmissible. 6 N. S. 621. The other act was executed in Louisiana under private signature, and is without registry or authentication of any kind

The exception was well taken; but the court in its final judgment reserved to the opponent the right to prove her interest and establish her claim at the proper time. The administrator in this case is entitled to the usufruct of the wife's half of the community property during his life. His age is over four score years, and for any residuary right the opponent may have in that property, she will not, in the course of nature, be kept waiting long.

It is ordered that the judgment of the parish court be affirmed with costs.